UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                           )
SHAWN S. BODEN,                            )
                                           )     Case No. C05-0368L
                      Plaintiff,           )
                                           )
        v.                                 )
                                           )     ORDER STRIKING PLAINTIFF'S
                                           )     DEMAND FOR JURY TRIAL
CITY OF EVERETT, et al.,                   )
                                           )
                      Defendants.          )
_____)

This matter comes before the Court on defendants' "Motion to Strike Plaintiff's Demand for Trial by Jury as Untimely" (Dkt. # 16) ("Motion") and plaintiff's "Counter Motion to Allow Jury Demand Under FRCP 39(b)" (Dkt. # 18) ("Counter Motion"). Plaintiff filed his "Demand for Jury Trial" (Dkt. # 15) on May 3, 2005. Under Fed. R. Civ. P. 38(b), plaintiff should have filed the jury demand no later than April 28, 2005.[1] Plaintiff concedes that the demand was untimely. See Counter Motion at 3. However, plaintiff argues that under the circumstances, the Court should exercise its discretion under Fed. R. Civ. P. 39(b) and allow a jury trial. Id. at 4.

Fed. R. Civ. P. 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its

---

[1] Fed. R. Civ. P. 38(b) requires that parties demand a jury trial no later than 10 days after the service of the last pleading on the issue. Defendants filed their answer to the complaint on April 18, 2005. See Answer (Dkt. # 11). Plaintiff's jury demand should have been filed by April 28, 2005, but was not filed until May 3, 2005. Plaintiff's demand is therefore untimely.

ORDER STRIKING PLAINTIFF'S
DEMAND FOR JURY TRIAL  - 1

discretion upon motion may order a trial by jury of any or all issues." The Ninth Circuit narrowly interprets Fed. R. Civ. P. 39(b): "The district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one. That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001) (internal citations omitted). A good faith mistake of law regarding timely filing procedures is still inadvertence on the part of counsel. Id. at 1003. Unfamiliarity with federal procedure and local rules also amounts to inadvertence. Kletzelmen v. Capistrano Unified Sch. Dist., 91 F.3d 68, 71 (9th Cir. 1996).

Plaintiff claims that he failed to timely submit a jury demand because his counsel was waiting to schedule a joint status conference with opposing counsel. See Counter Motion at 3. The joint status report requires that parties discuss the need for a jury trial. Defense counsel repeatedly cancelled and rescheduled the conference, which did not ultimately take place until after the April 28, 2005 deadline. Id. See also Declaration of Robert L. Christie at 1-2.

Plaintiff had the right to demand a jury trial regardless of the timing of the status conference. The need for a jury trial is an item to be discussed at the conference and included in the joint status report, but it is not an item that parties must discuss or agree on before demanding a jury trial. If plaintiff wanted a jury trial, he simply needed to file a demand before April 28, 2005. His failure to do so is inadvertence under the narrow interpretation that the Ninth Circuit has given Fed. R. Civ. P. 39(b).

For the foregoing reasons, plaintiff's "Counter Motion to Allow Jury Demand Under FRCP 39(b)" (Dkt. # 18) is DENIED and defendants' "Motion to Strike Plaintiff's Demand for

ORDER STRIKING PLAINTIFF'S
DEMAND FOR JURY TRIAL  - 2

Trial by Jury as Untimely" (Dkt. # 16) is GRANTED. Plaintiff's "Demand for Jury Trial" (Dkt. # 15) is hereby STRICKEN.

DATED this 7th day of June, 2005.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER STRIKING PLAINTIFF'S
DEMAND FOR JURY TRIAL  - 3